United States Court of Appeals
Fifth Circuit

**F I L E D**

June 16, 2006

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT
_____

No. 05-41492
Summary Calendar
_____

ELIZABETH TEAGUE, a/n/f of C.R.T.

Plaintiff - Appellant,

v.

THE TEXAS CITY INDEPENDENT SCHOOL DISTRICT,

Defendant - Appellee.

_____

Appeal from the United States District Court
for the Southern District of Texas
C.A. No. G-04-558
_____

Before HIGGINBOTHAM, BENAVIDES, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Appellant sued the Texas City Independent School District
("TCISD") as next friend of her daughter, C.R.T. She claimed that
TCISD violated C.R.T.'s constitutional rights. The district court
granted summary judgment in favor of TCISD. We affirm in light of
the general rule that the state's failure to protect an individual
from private harm does not state a claim under 42 U.S.C. § 1983.

This case arises out of an unfortunate incident. Appellant
alleges that C.R.T., then an eighteen-year-old special education

_____

[*] Pursuant to 5th Cir. R. 47.5, this Court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5th Cir. R.
47.5.4.

student attending Texas City High School, was sexually assaulted by another special education student on TCISD's watch. TCISD disputes Appellant's version of the facts, and the district court characterized TCISD's role in the incident as "benign." As this appeal arises from summary judgment, we view the record in the light most favorable to Appellant. Appellant argues that TCISD should be held liable for the incident, which occurred on school grounds, under section 1983.

Ordinarily, governmental entities have no constitutional duty to protect individuals from private violence. *See DeShaney v. Winnebago County Dep't of Soc. Servs.*, 489 U.S. 189, 196–97 (1989). To secure liability against the state for private harm under section 1983, plaintiffs must show that their claims fit within the narrow class of exceptions to the *Deshaney* rule. *Deshaney* itself recognized one exception: the state may be liable for private harm where it has a "special relationship" with the plaintiff. *Id*. at 197–200. Additionally, out-of-Circuit cases have adopted a "state-created danger" exception to *Deshaney*. *See generally McClendon v. City of Columbia*, 305 F.3d 314, 324–26 (5th Cir. 2002) (en banc).

Neither the special relationship exception nor the state-created danger exception applies here. No special relationship existed because C.R.T.—an eighteen-year-old not subject to compulsory attendance laws—was not "involuntarily confined against h[er] will through the affirmative exercise of state power."

2

*Walton v. Alexander*, 44 F.3d 1297, 1299–1306 (5th Cir. 1995) (en banc). As to the state-created danger theory, we assume without deciding that it would be viable in this Circuit. That exception would be inapposite here because the evidence does not create a genuine issue of fact that TCISD had "actual knowledge" of, and disregarded, an "excessive risk" to C.R.T. *See McClendon*, 305 F.3d at 326 & n.8. For these reasons, the district court correctly granted summary judgment against Appellant's private-harm claim.

Not every one of Appellant's claims derive from the alleged private harm. She also alleges that school employees used excessive force in searching C.R.T. after the incident. The district court correctly found that Appellant did not raise a genuine issue of material fact as to this claim. Appellant did not produce evidence that the alleged excessive force resulted from an official policy of TCISD, a precondition of it being liable for the acts of its employees under section 1983. *See Beattie v. Madison County Sch. Dist.*, 254 F.3d 595, 600 n.2 (5th Cir. 2001).

For these reasons, the district court's judgment is AFFIRMED.